IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ASHLEY GRAYSON, | ) |
| | ) |
| Plaintiff, | ) No. 3:10-0269 |
| | ) |
| v. | ) Judge Nixon |
| | ) |
| SHARED SERVICES, | ) Magistrate Judge Brown |
| | ) |
| Defendant. | ) Jury Demand |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is adopted.

1. **Jurisdiction.** Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as Plaintiff makes a claim under the Family Medical Leave Act, 29 U.S.C. §§ 2601, et seq. The parties have raised no dispute regarding jurisdiction or venue.

   *[Handwritten note: The correct name of the defendant is HHS Systems LLC. The Clerk will change the caption to reflect that name.]*

2. **Plaintiff's Theory of the Case.**

   Plaintiff suffers from a "serious health condition," as that term of art is defined by the FMLA. She obtained frequent treatment including emergency room visits, medication, surgical intervention, treatment with multiple GI specialists, and a pain specialist. Plaintiff required numerous sudden and intermittent absences from the workplace. Depending upon the time of onset, this occurred before work and, sometimes, during work. At the time of her termination of employment (February 11, 2010), Plaintiff's working diagnosis for this severe condition was sphincter of Oddi dysfunction which affects pancreatic juice flow and causes severe pain, nausea and vomiting.

   Plaintiff gave notice of her serious health condition and completed FMLA physicians certification forms. As a result, Defendant approved intermittent as well as

3743035.1

continuous FMLA leave for Plaintiff's condition. Plaintiff took FMLA leave, both intermittently and continuously.

Unfortunately, the nature of Plaintiff's serious health condition – and the foreseeable purpose of intermittent leave itself – required Plaintiff to leave work unexpectedly or, on occasion, be unable to attend work. Plaintiff's FMLA qualifying leave was a "negative factor" at Defendant's workplace. Defendant charged Plaintiff occurrences for FMLA-qualifying absences, then used these absences to terminate Plaintiff's employment. Thus, Defendant interfered with, and retaliated against Plaintiff for exercising, FMLA rights.

3.  **Defendant's Theory of the Case.**

Plaintiff's claims of FMLA interference and retaliation have no merit or support. HSS Systems, LLC ("HSS"), incorrectly identified in the Complaint as "Shared Services," did not interfere with or retaliate against Plaintiff because of her FMLA leave. Instead, Defendant gave Plaintiff more FMLA leave than she was entitled to, and allowed her to count absence-related events (unexcused absences, leaving early [prior to working four hours], and tardiness) as protected under FMLA on certain occasions without proper doctor certification to support them. Plaintiff was terminated on February 10, 2010 for absenteeism when she failed to improve her non-FMLA covered attendance despite verbal and written warnings.

Plaintiff began working for Defendant in December 2007 as a clerical employee in the Collections Department. Throughout Plaintiff's tenure with HSS, she requested and received FMLA leave on various occasions. In addition to and separate from her FMLA leave, Plaintiff had a history of absence-related events, which resulted in Plaintiff receiving multiple verbal and written counselings and corrective actions.

2

3743035.1

On January 13, 2010 (while out on FMLA leave), Plaintiff exhausted her twelve weeks of leave under the FMLA, and Defendant notified her by letter and telephone. Defendant again discussed with Plaintiff its attendance requirements. Plaintiff went on general medical leave until January 21, 2010, when she returned to work. Defendant again discussed Plaintiff's exhaustion of FMLA leave and its attendance requirements. Plaintiff continued to violate Defendant's attendance policy. After Plaintiff called out of work February 9 and 10, 2010, Defendant terminated her employment for violating its attendance policy. Plaintiff had accumulated more than nine absence occurrences resulting from fifteen absence-related events in a nine-month period, despite Defendant's efforts to correct Plaintiff's negative attendance pattern through verbal discussions and corrective efforts making her aware of her negative pattern. None of Plaintiff's FMLA-covered absences were counted against her in any way.

Defendant made all employment decisions for reasons unrelated to Plaintiff's FMLA leave.

4. **Identification of the issues.** All issues as to liability and damages are unresolved.

5. **Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure.** The parties do not anticipate any counter-claims, cross-claims, third-party claims, joinder of other parties or claims, or class action certification.

6. **Identity, number and names of potential witnesses.** The parties anticipate that witnesses will include Plaintiff and current and former employees of Defendant.

7. **Discovery.** Discovery is not stayed during dispositive motions, unless otherwise ordered by the Court.

    i.    The parties shall exchange initial disclosures by **June 16, 2010.**

ii. All discovery shall be completed by **February 1, 2011**.

iv. Plaintiff shall identify and provide Rule 26(a)(2) information with respect to her expert witnesses not later than **September 1, 2010**.

v. Defendant shall identify and provide Rule 26(a)(2) information with respect to its expert witnesses not later than **October 1, 2010**.

vi. Plaintiff shall identify and provide Rule 26(a)(2) information with respect to any rebuttal expert witnesses by **November 1, 2010**.

vii. All depositions of experts shall be completed not later than **February 1, 2011**.

viii. All discovery-related motions shall be filed on or before **February 15, 2011**. Prior to filing any discovery-related motion the parties will confer in good faith and, if unable to resolve their differences, will schedule and conduct a telephone conference with Magistrate Judge Brown. The counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain with the Court.

8. **Dispositive motions.** All dispositive motions shall be filed on or before **March 3, 2011**. Responses to dispositive motions shall be filed by **March 31, 2011**. Briefs shall not exceed 25 pages. Optional reply briefs, which are limited to five pages absent the Court's permission for a longer brief, shall be filed by **April 14, 2011**. If dispositive motions are filed early, the response and reply dates are moved up accordingly (allowing 28 days to respond and 14 days for optional replies).

4

9. **Other deadlines.** The deadline for amending the pleadings and adding parties is August 16, 2010.

10. A second case management conference will be set for _Nov. 1, 2010 at 9:30 a.m. via telephone. Parties to call 615-695-2851 to join the call.

11. **Alternate dispute resolution.** At this time, the parties prefer to begin the discovery process to determine if mediation would be helpful.

12. **Consenting to trial or other proceedings before Magistrate Judge.** The parties do not consent to trial or decision of dispositive matters by the Magistrate Judge.

13. **Target trial date.** The parties anticipate that the trial of this matter will take three days. After consultation with Judge Nixon's chambers, a Jury trial is set for August 2, 2011 at 9:00 a.m. and the final Pre-Trial conference is set for July 22, 2011 at 1:30 p.m.

IT IS SO ORDERED:

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

3743035.1